```
               UNITED STATES DISTRICT COURT
               EASTERN DISTRICT OF LOUISIANA

ROBIN ROBERTS, ET AL                      CIVIL ACTION

VERSUS                                    NO: 07-4700

FIDELITY NATIONAL INSURANCE               SECTION: J(3)
COMPANY, ET AL
```

### ORDER AND REASONS

Before the Court is Defendant Fidelity National Insurance Company's ("Fidelity") **Motion for Summary Judgment (Rec. Doc. 14).** This motion, which is opposed, was set for hearing on May 28, 2008 on the briefs. Upon review of the record, the memoranda of counsel, and the applicable law, this Court now finds, for the reasons set forth below, that Fidelity's motion should be granted.

### Background Facts

As a result of Hurricane Katrina, Plaintiffs' home sustained damage due to flooding. The property was insured by Fidelity, which issued a Standard Flood Insurance Policy ("SFIP") under the Write-Your-Own Program of the National Flood Insurance Program ("NFIP").

Plaintiffs filed a claim under their SFIP, and Fidelity commenced the process of adjusting the claim. Plaintiffs were paid a total of $17,414.91 for covered items after Fidelity reviewed the adjuster's report and determined that all items of damages in the bottom floor, which was not fully enclosed, were not covered under the SFIP.

Plaintiffs disagreed with the payment amount and filed the present lawsuit on August 28, 2007 without first submitting to Fidelity a timely, signed, and sworn Proof of Loss.

### **The Parties' Arguments**

Fidelity argues that Plaintiffs are not entitled to recover any U.S. Treasury benefits pursuant to their SFIP because Plaintiffs failed to comply with the conditions precedent to the filing of their lawsuit, namely: (1) they failed to file a timely, signed, and sworn Proof of Loss; (2) they failed to submit adequate documentation as required by Articles VII(J)(3) and (4) of the SFIP; and (3) they failed to file their lawsuit within one year of the date of denial of their claim, and therefore their claim is time barred pursuant to SFIP Article VII(R).

Furthermore, Fidelity argues that as a substantive matter, Plaintiffs' claims for loss of use, additional living expenses, loss of enjoyment of property and diminution in value are specifically excluded. Also, the SFIP provides for coverage of

damaged personal property inside of a fully enclosed building only per Article VII(A)(4) and the bottom floor of Plaintiffs' building was not fully enclosed.  Additionally, according to Fidelity, Plaintiffs' state-law based extra-contractual claims are preempted by federal law, Plaintiffs' federal common law extra-contractual claims are preempted, and Plaintiffs' claim for interest is not allowed in claims arising under the NFIP.

In opposition, Plaintiffs argue that the Federal Emergency Management Agency ("FEMA") circulated a "conflicting message" that waives the formal filing of the Proof of Loss in the SFIP, but then requires that one must be filed within one year from the date of loss in those situations where the claim is disputed.  As such, Plaintiffs argue that issues of material fact exist as to whether and to what extent FEMA waived the Proof of Loss requirement in its August 31, 2005 letter.

## Discussion

Article VII(R) of the SFIP provides that a claimant must meet <u>all</u> the conditions precedent prior to filing a lawsuit. Generally, SFIP policies require an insured asserting a claim to file a Proof of Loss within 60 days, stating the amount claimed under the policy.  SFIP Article VII(J)(4).  Because of the extent of the damage resulting from Hurricane Katrina and a shortage of qualified adjusters, on August 31, 2005, FEMA waived the requirement to file a proof of loss prior to receiving insurance

proceeds.  See Exh. 5 to Fidelity's motion for summary judgment. Under the waiver, the loss would be payable as soon as practicable after the insurer received the adjuster's report. Id.  If the insured disagreed with the adjuster's report, a Proof of Loss would be required as follows:

> In the event a policyholder disagrees with the insurer's adjustment, settlement, or payment of the claim, a policyholder may submit to the insurer a proof of loss within one year from the date of the loss . . . . The insurer will then process the policyholder's proof of loss in its normal fashion.  If the insurer rejects the proof of loss in whole or in part, the policyholder may file a lawsuit against the insurer within one year of the date of the written denial of all or part of the claim.

Id.  Under 44 C.F.R. Pt. 61, App. A, Art. VII(J)(4), the proof of loss must state the amount of loss, furnish certain information about the loss, and be signed and sworn by the insured.

Courts have strictly enforced the requirement to file a timely proof of loss, holding that failure to timely file a proof of loss in compliance with regulatory requirements is a valid basis for denying a claim.  See Wright v. Allstate Ins. Co., 415 F.3d 384, 387 (5th Cir. 2005); Perilliat v. Allstate Ins. Co., No. 07-6036, 2008 WL 2185321 (E.D. La. May 23, 2008).  "Where federal funds are implicated, the person seeking those funds is obligated to familiarize himself with the legal requirements for receipt of such funds.  Wright, 415 F.3d at 388.

Since Plaintiffs failed to submit a signed and sworn Proof of Loss, at the very least, this condition precedent was not

4

fulfilled.  As such, Plaintiffs cannot maintain their suit against Fidelity, and any position to the contrary flies in the face of federal statutory law, the Administrator's waiver, and Fifth Circuit jurisprudence.  See <u>Richardson v. American Bankers Ins. Co.</u>, 2008 WL 510518 (5th Cir. 2008) (strictly construing the Proof of Loss requirement).  As such, there are no disputed issues of material fact, and Fidelity is entitled to judgment as a matter of law.  Accordingly,

**IT IS ORDERED** that Fidelity's **Motion for Summary Judgment (Rec. Doc. 14)** is hereby **GRANTED.**

New Orleans, Louisiana, this 2nd day of June, 2008.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE